UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20184-CIV-KING

ANDREW KARACSONYI,

    Plaintiff,

v.

CARLOS ALVAREZ,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING
## REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE

**THIS CAUSE** comes before the Court upon the October 17, 2011 Report and Recommendation ("R&R") of Magistrate Judge Chris McAliley (DE #36), recommending the dismissal with prejudice of Complaints 1, 2, 4, 5, 6, 7, and 8.[1] The R&R further recommends that the Court dismiss without prejudice the portion of Complaint 3 that attempts to state a claim under § 1983 for violation of the Fourth Amendment in connection with the search of Plaintiff's vehicle, and dismiss with prejudice the remaining claims in Complaint 3.

Plaintiff filed objections (DE #39) on October 31, 2011, arguing that this Court strike the R&R "not only due to an obvious bias the Magistrate has demonstrated towards the

---

[1] Plaintiff's Complaint uses to the term "Complaint" to describe what would ordinarily be labeled as a "Count." The R&R uses the terminology from Plaintiff's Complaint as well. For consistency, this Court also will use the term "Complaint" instead of "Count."

Plaintiff, but also the fact that she has endeavored in 4 criminal felonies during the duration of this proceeding." (DE #39, at 1). The Court, however, does not find any evidence of bias or illegal activity by the Magistrate. Rather, the Court concludes that the R&R contains well-reasoned recommendations and should be affirmed and adopted.

Defendant also filed objections on October 31, 2011, requesting that the Court dismiss all Complaints with prejudice. Specifically, Defendant contends that Complaint 3 is barred by the *Heck* doctrine,[2] as the factual basis of Plaintiff's Complaint 3 undermines the legitimacy of his conviction. (DE #40, at 5).

Magistrate Judge McAliley notes, "The record does not include information (such as the statute or ordinance for which Plaintiff was convicted) that the Court would need to determine whether a successful § 1983 action for the unreasonable search of Plaintiff's car would necessarily imply the invalidity of that conviction." (DE #36, at 13). In his objections, Defendant supplies the Court with the information that Plaintiff pled no contest to the charge of using an unauthorized replica of a disabled parking permit with the intent to deceive under Florida Statutes § 320.0848(7).[3] (DE #40, at 5). Defendant argues that the *Heck* doctrine applies to the facts of this case, as "the allegation that Officer Alvarez illegally

---

[2] The Supreme Court articulated following doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994): When a plaintiff seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

[3] Florida Statutes § 320.0848(7) provides, in relevant part: "Any person . . . who uses an unauthorized replica of such a disabled parking permit with the intent to deceive is guilty of a misdemeanor of the second degree." Florida Statutes § 320.0848(7).

2

searched Plaintiff's vehicle, leading to the seizure of the fake handicap pass necessarily impugns the legitimacy of Plaintiff's conviction because it suggests that the evidence which directly supported the conviction should have been suppressed." (DE #40, at 5).

The Court in *Heck*, however, noted that a suit for damages attributable to an illegal search may stand even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's conviction. *Heck*, 512 U.S. at 487 n.3. "Because an illegal search may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction." *Id.*

In the present case, the circumstances surrounding the charge of misuse for which Plaintiff pled no contest are unknown from the record. Plaintiff's conviction for misuse of a disabled parking permit with the intent to deceive might still be valid, despite a finding that the car search was unconstitutional. *See Datz v. Kilgore*, 51 F.3d 252, 253 n. 1 (11th Cir. 1995) (finding "*Heck v. Humphrey* . . . is no bar to Datz' civil action because, even if the pertinent search did violate the Federal Constitution, Datz' conviction might still be valid considering such doctrines as inevitable discovery, independent source, and harmless error."). For example, it is possible that the inevitable discovery doctrine or the good faith exception would allow the introduction of evidence of the disabled parking permit, even if the car search were otherwise found to be illegal.

At this point, this Court finds it cannot determine that a successful § 1983 action for

3

the unreasonable search of Plaintiff's car *necessarily* implies the invalidity of his conviction. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) (holding that the district court erred in finding plaintiff's § 1983 claims barred under *Heck* since the circumstances surrounding plaintiff's convictions were unknown from the record); *see also Copus v. City of Edgerton*, 151 F.3d 646, 649 (noting that it is enough that possibilities existed that the court would have admitted evidence uncovered during an allegedly illegal search under the independent source and inevitable discovery doctrines, "for they tell us what we need to know under *Heck* — we cannot say with certainty that success on [plaintiff's] § 1983 claim 'necessarily' would impugn the validity of his conviction."). Here, the facts on record do not make it clear if the court could have admitted the evidence of the disabled parking permit under one of the relevant doctrines even if the search of the car were deemed unconstitutional. Thus, Magistrate Judge McAliley is correct in finding that Plaintiff's Fourth Amendment claim relating to the warrantless search in Complaint 3 presently survives the *Heck* doctrine.

After a thorough review of the record, the Court concludes that the R&R contains well-reasoned recommendations. Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED and DECREED** as follows:

1. Magistrate Judge Chris McAliley's October 17, 2011 Report and Recommendation **(DE #36)** be, and the same is, hereby **AFFIRMED and ADOPTED.**

2. Defendant's Motion to Dismiss Complaint **(DE #13)** be, and the same is, hereby **GRANTED**.

3. **Complaints 1, 2, 4, 5, 6, 7 and 8 are DISMISSED with prejudice.**

4. The portion of **Complaint 3** that attempts to state a claim under § 1983 for violation of the Fourth Amendment in connection with the warrantless search of Plaintiff's vehicle is **DISMISSED without prejudice**. Plaintiff may re-file these claims in an Amended Complaint within **thirty (30) days** in compliance with Rule 8(a), with a short and plain statement to which Defendant may frame a response. The remaining claims in Complaint 3 are **DISMISSED with prejudice.**

4. All other pending motions are **DENIED AS MOOT.**

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 3rd day of November, 2011.

_____
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

cc: Magistrate Judge Chris McAliley

*Plaintiff*

**Andrew Karacsonyi**
3830 NE Indian River Dr.
Lot# 312
Jensen Beach, FL 34957

PRO SE

***Counsel for Defendant***

**Brenda Kuhns Neuman**
Miami-Dade County Attorney's Office
111 NW 1st Street
Stephen P Clark Center, Suite 2810
Miami, FL 33128
305-375-5151
Fax: 305-375-5611
Email: bjk@miamidade.gov